**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DENARD C. TRAPP, | |
| Plaintiff, | Civil Action No. 24-01205 (GC) (JBD) |
| v. | **MEMORANDUM & ORDER** |
| GDBT 1 TRUST 2011-1, *et al.*, | |
| Defendants. | |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Denard C. Trapp's April 30, 2024 Motion for Entry of Default Judgment. (ECF No. 9.) For the reasons set forth below, and other good cause shown, the motion is **DENIED,** and Plaintiff is directed to show cause in writing by May 17, 2024, why this matter should not be dismissed for lack of subject matter jurisdiction.

## I.    BACKGROUND

Plaintiff filed the Complaint in this case on February 29, 2024, purportedly against Defendants GDBT 1 TRUST 2011-1 and Patricia Del Bueno Cleary. (ECF No. 1.) The Complaint is styled as a letter to Judge Peter G. Sheridan, titled "February 26, 2024 hearing for Local Civil Rule 41.1(a) Under case No.: 3:22-cv-04872-PGS AND ALL MATTERS RELATED TO IT!" In the letter, Plaintiff informs Judge Sheridan that Plaintiff is "demanding a review of all documents in regards to the foreclosure of 18 Marland lane Tinton Falls, New Jersey **therefore, I file this complaint.**" (*Id.* at 1.)

Plaintiff alleges, among other things, that GDBT 1 TRUST 2011-1 was not properly licensed by New Jersey's Commissioner of Banking and Insurance and thus the foreclosure of his property should be held to be "invalid," citing various New Jersey statutes. (*Id.* at 2-3.) Plaintiff also alleges that on April 13, 2016, Patricia Del Bueno Cleary, General Equity Presiding Judge for the Monmouth Vicinage, Superior Court of New Jersey, "allowed George Cretella, Esq to commit "fraud upon the court." (*Id.* at 3.) Plaintiff further alleges that he was arrested in September 2016 and tried in February 2019. (*Id.* at 4-5.) He claims the trial was a "sham." (*Id.* at 5.) Attached to the Complaint are about 150 pages of various exhibits.

On April 30, 2024, Plaintiff moved for default judgment. (ECF No. 6.) He attached tracking information to show that he served Defendants by mail in March 2024. (*Id.* at 1-5.)

## II.   **DISCUSSION**

The Court will deny the default judgment motion and direct Plaintiff to show cause in writing as to whether there is subject matter jurisdiction.

In Defendant's default judgment motion, he lists both Defendants' addresses as in New Jersey, but simply serving a summons and complaint by mail on a New Jersey person or entity without any affidavit attesting to diligent attempts to achieve personal service or to comply with the requirements of service is insufficient to establish jurisdiction.[1] *See, e.g.*, *Faber v. Bank of New York Mellon*, Civ. No. 23-04520, 2024 WL 1533618, at *3 (D.N.J. Apr. 9, 2024); *Lukasewicz v. Valtris Specialty Chem. Co.*, Civ. No. 21-4128, 2021 WL 1997397, at *4 (D.N.J. May 17, 2021). Thus, Plaintiff is not entitled to a default judgment at this time having failed to demonstrate proper service on Defendants. *See Premier Cap. Consulting, LLC v. Hunter Foster & Assocs., LLC*, Civ.

---

[1]    *Jackson v. Davis*, Civ. No. 13-1717, 2014 WL 3420462, at *9 (W.D. Pa. July 14, 2014) ("[A] plaintiff's *pro se* status does not excuse him from the requirement that service be properly effectuated.").

No. 21-14415, 2024 WL 1678011, at *3 (D.N.J. Apr. 18, 2024) ("In considering a default judgment motion, the Court must first ensure that the plaintiff properly served the defendant.").

Further, this is a Court of limited jurisdiction. Because Plaintiff's Complaint does not raise any federal question—citing New Jersey statutes and claiming fraud on the court (ECF No. 1 at 1-5)—there must be complete diversity of the parties and the amount in controversy must exceed $75,000.00. *See New Heights Logistics, LLC v. Penske Leasing & Rental Co.*, Civ. No. 22-00738, 2023 WL 3043864, at *3 (D.N.J. Apr. 21, 2023) ("[W]here subject matter jurisdiction is founded on diversity pursuant to 28 U.S.C. § 1332, it has long been the rule that there must 'complete diversity amongst the parties.' 'Complete diversity means that 'no plaintiff can be a citizen of the same state as any of the defendants.'" (citations omitted)). And yet Plaintiff lists his address and the addresses of Defendants as in New Jersey, suggesting that the parties are citizens of the same state. (ECF No. 6 at 1-2.) Accordingly, the Court does not appear to have subject-matter jurisdiction over this action.

### III.   CONCLUSION & ORDER

Therefore, for the reasons stated above, and other good cause shown,

**IT IS** on this 1st day of May, 2024, **ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 9) is **DENIED**.

2. Plaintiff is to submit a letter, not to exceed three (3) pages, by May 17, 2024, explaining how this Court has subject matter jurisdiction.

3. The Clerk is directed to administratively terminate the motion at ECF No. 9 and to mail a copy of this Memorandum Order to Plaintiff by regular United States mail.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

3