**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENARD C. TRAPP,<br><br>    Plaintiff,<br><br>  v.<br><br>GDBT 1 TRUST 2011-1, *et al.*,<br><br>    Defendants. | Civil Action No. 24-01205 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, U.S.D.J.**

  **THIS MATTER** comes before the Court upon the May 1, 2024 Memorandum & Order that directed *pro se* Plaintiff Denard C. Trapp to show cause, by May 17, 2024, as to how the Court has subject-matter jurisdiction over this case. (ECF No. 7.) Because Plaintiff has failed to show that this Court has subject-matter jurisdiction, the Court will **DISMISS** the case without prejudice.

  Plaintiff filed the Complaint in this case on February 29, 2024, purportedly against Defendants GDBT 1 TRUST 2011-1 and Patricia Del Bueno Cleary. (ECF No. 1.) The Complaint is styled as a letter to Judge Peter G. Sheridan, titled "February 26, 2024 hearing for Local Civil Rule 41.1(a) Under case No.: 3:22-cv-04872-PGS AND ALL MATTERS RELATED TO IT!" In the letter, Plaintiff informs Judge Sheridan that Plaintiff is "demanding a review of all documents in regards to the foreclosure of 18 Marland lane Tinton Falls, New Jersey **therefore, I file this complaint**." (*Id.* at 1.)

  Plaintiff alleges, among other things, that GDBT 1 TRUST 2011-1 was not properly licensed by New Jersey's Commissioner of Banking and Insurance and thus the foreclosure of his property should be held to be "invalid," citing various New Jersey statutes. (*Id.* at 2-3.) Plaintiff

also alleges that on April 13, 2016, Patricia Del Bueno Cleary, General Equity Presiding Judge for the Monmouth Vicinage, Superior Court of New Jersey, "allowed George Cretella, Esq to commit "fraud upon the court." (*Id.* at 3.) Plaintiff further alleges that he was arrested in September 2016 and tried in February 2019. (*Id.* at 4-5.) He claims the trial was a "sham." (*Id.* at 5.) Attached to the Complaint are about 150 pages of various exhibits.

On April 30, 2024, Plaintiff moved for default judgment. (ECF No. 6.) On May 2, 2024, the Court denied the motion for default judgment. (ECF No. 7.) The Court explained that Plaintiff had not demonstrated proper service on Defendants and that, as a result, he was not entitled to default judgment. (*Id.* at 2-3.)

The Court also noted that because Plaintiff's Complaint does not raise any federal question—citing New Jersey statutes and claiming fraud on the court (ECF No. 1 at 1-5)—there must be complete diversity of the parties and the amount in controversy must exceed $75,000.00. (ECF No. 7 at 3.) Because Plaintiff lists his address and the addresses of Defendants as in New Jersey, the Court explained that this suggests that the parties are citizens of the same state and this Court does not have subject-matter jurisdiction. (ECF No. 6 at 1-2.) Rather than dismiss the case *sua sponte*, the Court directed Plaintiff to explain by May 17, 2024, why this Court has subject-matter jurisdiction. (ECF No. 7 at 3.)

Plaintiff has not responded to the Court's Order. As a result, the Court is left to conclude based on what Plaintiff has submitted that complete diversity of the parties does not exist in this case. *See New Heights Logistics, LLC v. Penske Leasing & Rental Co.*, Civ. No. 22-00738, 2023 WL 3043864, at *3 (D.N.J. Apr. 21, 2023) ("[W]here subject matter jurisdiction is founded on diversity pursuant to 28 U.S.C. § 1332, it has long been the rule that there must 'complete diversity amongst the parties.' 'Complete diversity means that 'no plaintiff can be a citizen of the same

state as any of the defendants.'" (citations omitted)). Here, Plaintiff is a resident of New Jersey and he sues under New Jersey law a trust and an individual (a judge of the Superior Court of New Jersey) whose addresses Plaintiff lists as in New Jersey as well. (ECF No. 6 at 1.) Under the circumstances, the Court finds that Plaintiff has not proved by a preponderance of the evidence that this Court has subject-matter jurisdiction. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (finding that "the party invoking diversity jurisdiction . . . bears the burden to prove" it "by a preponderance of the evidence"). Accordingly, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Therefore, for the reasons stated above, and other good cause shown,

**IT IS** on this 21st day of May, 2024, **ORDERED** as follows:

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

2. The Clerk is directed to terminate the motion pending at ECF No. 2 as moot and to **CLOSE** this case.

3. The Clerk is also directed to mail a copy of this Memorandum Order to Plaintiff by regular United States mail.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**